UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HUGUETTE NICOLE YOUNG,

                Plaintiff,

-v-

LETITIA JAMES, *in her official capacity as Attorney General of New York*,

                Defendant.

20 Civ. 8252 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

    Plaintiff Huguette Nicole Young, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that New York Executive Order 202.17, which requires people to wear masks in public under certain circumstances, violates her right to free speech under the First Amendment. By order dated October 19, 2020, the Court granted Young's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court denies Young's request for a preliminary injunction.

**I.    Background**

    Plaintiff Huguette Nicole Young, a resident of Junction City, Oregon, brings this action, which she styles as a "Verified Complaint for Declaratory and Emergency Injunctive Relief," alleging that New York Governor Andrew Cuomo's April 15, 2020 Executive Order No. 202.17 (the "EO"), requiring that people wear face coverings when they are in a public place and are unable to maintain social distance, violates her rights under the First Amendment.[1] *See* AC. Specifically, she alleges that the EO "literally block[s] [her] ability to communicate audibly,

---

[1] The EO states, "[A]ny individual who is over age two and able to medically tolerate a face-covering shall be required to cover their nose and mouth with a mask or cloth face-covering when in a public place and unable to maintain, or when not maintaining, social distance." Dkt. 7 ("AC") ¶ 1.

clearly, and expressively (e.g., by violating [her] right to smile at others) while wearing a face mask." *Id.* ¶ 2. Young has filed virtually identical complaints in at least 36 other federal courts.[2]

---

[2] *See Young v. Brnovich*, No. 2:20 Civ. 1686 (GMS) (D. Ariz. Oct. 23, 2020) (dismissing for failure to pay fee); *Young v. Tong*, No. 3:20 Civ. 1521 (JAM), Dkt. 13 (D. Conn. Oct. 22, 2020) (dismissing for failure to prosecute); *Young v. Frosh*, No. 1:20 Civ. 2935 (ELH), Dkt. 5 (D. Md. Oct. 20, 2020) (dismissing for lack of standing and ripeness); *Young v. Hill*, No. 1:20 Civ. 2575 (RLY) (TAB), Dkt. 7 (S.D. Ind. Oct. 14, 2020) (dismissing for lack of standing); *Young v. Balderas*, No. 2:20 Civ. 789 (WJ) (SMV), Dkt. 13 (D.N.M. Oct. 13, 2020) (dismissing without prejudice for failure to pay filing fees or file IFP application); *Young v. Healey*, No. 1:20 Civ. 11832 (RGS), Dkt. 6 (D. Mass. Oct. 9, 2020) (dismissing for lack of standing); *Young v. Rutledge*, No. 4:20 Civ. 1185 (BRW), Dkt. 5, (E.D. Ark. Oct. 7, 2020) (dismissing for lack of standing and because the complaint "is nonsensical and states no cause of action" for which relief may be granted); *Young v. Weiser*, No. 1:20 Civ. 2485 (LTB), Dkt. 6 (D. Colo. Sept. 23, 2020) (dismissed for failure to file a complete IFP application); *see also Young v. Neronha*, No. 1:20 Civ. 443 (MSM) (LDA) (D.R.I. filed Oct. 16, 2020); *Young v. Herring*, No. 3:20 Civ. 799 (JAG) (E.D. Va. filed Oct. 13, 2020); *Young v. Jennings*, No. 1:20 Civ. 1383 (CFC) (D. Del. filed Oct. 13, 2020); *Young v. Ellison*, No. 0:20 Civ. 2144 (JRT) (DTS) (D. Minn. filed Oct. 9, 2020); *Young v. Stein*, No. 5:20 Civ. 540 (LWF) (E.D.N.C. filed Oct. 9, 2020); *Young v. Kaul*, 3:20 Civ. 935 (WMC) (W.D. Wis. filed Oct. 8, 2020); *Young v. Frey*, No. 1:20 Civ. 367 (NT) (JHR) (D. Me. filed Oct. 8, 2020); *Young v. Morrisey*, No. 2:20 Civ. 666 (JRG) (DLT) (S.D.W. Va. filed Oct. 8, 2020); *Young v. Marshall*, No. 1:20 Civ. 495 (JUB) (PBM) (S.D. Ala. filed Oct. 7, 2020); *Young v. Connors*, No. 1:20 Civ. 425 (DKW) (KJM) (D. Haw. filed Oct. 6, 2020); *Young v. Raoul*, No. 3:20 Civ. 3266 (SEM) (TSH) (C.D. Ill. filed Oct. 5, 2020); *Young v. Raoul*, No. 1:20 Civ. 5916 (CPK) (N.D. Ill. filed Oct. 5, 2020); *Young v. Shapiro*, No. 2:20 Civ. 4900 (KSM) (E.D. Pa. filed Oct. 5, 2020); *Young v. Raoul*, No. 3:20 Civ. 1049 (SMY) (S.D. Ill. filed Oct. 5, 2020); *Young v. Attorney General State of Louisiana*, No. 2:20 Civ. 2730 (ILRL) (DPC) (E.D. La. Filed Oct. 5, 2020); *Young v. Nessel*, No. 5:20 Civ. 12707 (JEL) (APP) (E.D. Mich. filed Oct. 5, 2020); *Young v. Grewal*, No. 3:20 Civ. 13863 (MAS) (DEA) (D.N.J. filed Oct. 5, 2020); *Young v. Yost*, No. 2:20 Civ. 5236 (EAS) (KAJ) (S.D. Ohio filed Oct. 5, 2020); *Young v. Kansas Attorney General*, No. 6:20 Civ. 1268 (EFM) (GEB) (D. Kan. filed Oct. 4, 2020); *Young v. Cameron*, No. 3:20 Civ. 680 (DJH) (W.D. Ky. filed Oct. 4, 2020); *Young v. Wilson*, No. 2:20 Civ. 597 (HCN) (D. Utah filed Aug. 24, 2020); *Young v. Ford*, No. 3:20 Civ. 452 (RCJ) (WGC) (D. Nev. filed Aug. 3, 2020); *Young v. McLean*, No. 1:20 Civ. 417 (BLW) (D. Idaho filed Aug. 21, 2020); *Young v. Fox*, No. 6:20 Civ. 65 (CCL) (D. Mont. filed Aug. 20, 2020); *Young v. Becerra*, No. 3:20 Civ. 5628 (JD) (N.D. Cal. filed Aug. 13, 2020); *Young v. Paxton*, No. 4:20 Civ. 839 (MP) (BP) (N.D. Tex. filed Aug, 10, 2020); *Young v. Ferguson*, No. 2:20 Civ. 277 (RMP) (E.D. Wash. filed Aug. 10, 2020); *Young v. Rosenbloom*, No. 6:20 Civ. 1278 (ALA) (D. Or. filed Aug. 3, 2020).

Young is a long-haul truck driver who is currently between jobs, and who is pursuing "a career shift into the legal profession."[3] *Id.* ¶ 21. She resides in Oregon, but is "currently seeking new work opportunities in New York" and "is expected to be in New York within the coming week." *Id.* ¶¶ 20–21 She alleges that her "rights will be violated while shopping at Walmart stores in Southern New York."[4] *Id.* ¶ 20.

Young alleges that she

> makes it clear to prospective work partners and associates that her current visit to New York is likely the last until the face-mask mandate is struck down with no possibility of it coming back at the drop of a hat so that [she] can live and work in peace without being bombarded by germs on every public surface and without being muzzled by the New York governor every time [she] wants to go shopping – all over a non-emergency disease that is less deadly than the flu.

*Id.* ¶ 20. Absent an injunction, Young states, she will be required to turn down partnerships, employment, or training in New York "on the sole basis of a state-wide face mask mandate" that requires her to "wear a mask while shopping at any Walmart in New York." *Id.*

Young asserts that COVID-19 is not a public health emergency, and that experts and scientists have misled the public on the deadliness of the virus and the efficacy of masks. For example, she questions New York's use of statistics relating to the virus, arguing that "highly inaccurate or fraudulent data from [New York City] alone determined whether Covid-19 is considered a public health emergency across the entire country." *Id.* at ¶ 13. Instead, she alleges, "all public health emergency declarations must be done on a county by county level" and Governor Cuomo's state-wide EO "has no justification unless and until state health officials can

---

[3] Young states that she is also a "well-established Ph.D. biochemist" and a "recent law school graduate specializing in constitutional law." *Id.* ¶ 21.

[4] Young alleges that, "Walmart employees, in practice and as a matter of store policy, do not bother shoppers who are not wearing masks unless there is a state or local mandate in place." *Id.* ¶ 19 n.2.

show data in every county of New York results in mortality rates significantly above the mortality rates for the seasonal flu." *Id.* ¶ 13.  And "[e]ven if Covid-19 were to qualify as a public health emergency in a few of the" nation's counties, health officials and scientists are misleading the public about the efficacy of wearing masks. *Id.* ¶ 14.

Young argues that the Executive Order is subject to strict scrutiny, and that it fails to meet that stringent standard because "there is a much better way to slow the spread of Covid-19 without impinging on plaintiff's right of free speech, namely, banning [the] use of masks by the general public and instructing the public to cough into the crooks of their elbows."  *Id.* ¶ 17.

Young seeks a declaration that the EO is unconstitutional and a preliminary and permanent injunction barring the defendant, New York State Attorney General Letitia James, from enforcing the EO against her.  *Id.* at 33.

## II.   Applicable Legal Standard

"[T]o obtain a preliminary injunction against governmental action taken pursuant to a statute, the movant has to demonstrate (1) irreparable harm absent injunctive relief, (2) a likelihood of success on the merits, and (3) public interest weighing in favor of granting the injunction.  The movant also must show that the balance of equities tips in his or her favor." *Libertarian Party of Conn. v. Lamont*, No. 20-2179, 2020 WL 5849341, at *2 (2d Cir. Oct. 2, 2020) (quoting *Yang v. Kosinski*, 960 F.3d 119, 127 (2d. Cir. 2020)).  Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (citation omitted); *see Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right.").

"A showing of irreparable harm is 'the single most important prerequisite for the issuance of a preliminary injunction.'" *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quoting *Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999)). An irreparable harm is a

> harm that (a) occurs to the parties' legal interests and (b) cannot be remedied after a final adjudication, whether by damages or a permanent injunction . . . . Harm might be irremediable, or irreparable, for many reasons, including that a loss is difficult to replace or difficult to measure, or that it is a loss that one should not be expected to suffer.

*Salinger v. Colting*, 607 F.3d 68, 81 (2d Cir. 2010) (footnote omitted). Although violations of First Amendment rights are generally presumed to constitute irreparable harm, *see, e.g.*, *Bery v. City of New York*, 97 F.3d 689, 693 (2d Cir. 1996); *LeBlanc-Sternberg v. Fletcher*, 67 F.3d 412, 426 (2d Cir. 1995), as discussed below, Young fails to show any First Amendment injury.

**III.    Discussion**

More than 100 years ago, the Supreme Court held that "a community has the right to protect itself against an epidemic of disease which threatens the safety of its members." *Jacobson v. Massachusetts*, 197 U.S. 11, 28 (1905). Accordingly, government action that "purport[s] to . . . protect the public health" in such an emergency, will be upheld unless it "has no real or substantial relation" to the object of public health or is "beyond all question, a plain, palpable invasion of rights secured by the fundamental law." *Id.* at 31.

The Supreme Court recently reaffirmed the broad power of states to enact measures to protect the public health from COVID-19. In *S. Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613 (2020), the Court denied an application to enjoin an executive order issued by the Governor of California that sought to limit the spread of COVID-19 by imposing numerical restrictions on public gatherings, including places of worship. In a concurrence highlighting the

continued vitality of *Jacobson*'s core holding, Chief Justice Roberts wrote that when state officials "'undertake[] to act in areas fraught with medical and scientific uncertainties,' their latitude 'must be especially broad.'" *Id*. at 1613 (Roberts, C.J., concurring) (quoting *Marshall v. United States*, 414 U.S. 417, 427 (1974)).  And "[w]here those broad limits are not exceeded, they should not be subject to second-guessing by an 'unelected federal judiciary,' which lacks the background, competence, and expertise to assess public health and is not accountable to the people."  *Id.* at 1613–14; *see Geller v. Cuomo*, --- F. Supp. ---, 2020 WL 4463207, at *10 (S.D.N.Y. Aug. 3, 2020) (collecting cases relying "on *Jacobson* in refusing to enjoin state and local restrictions aimed at protecting the public against the spread of COVID-19").

Here, Young has not shown any "plain, palpable invasion of rights secured by the fundamental law."  *Jacobson*, 197 U.S. at 31.  The First Amendment's guarantee of free speech is not absolute.  Even in the absence of a public health crisis, the government can "enforce reasonable time, place, and manner regulations" in public spaces "as long as the restrictions are content-neutral, are narrowly tailored to serve a significant government interest, and leave open ample alternative channels of communication."  *United States v. Grace*, 461 U.S. 171, 177 (1983) (citation omitted).  Moreover,

> there is a crucial difference between a law that has the inevitable effect of reducing speech because it restricts or regulates speech . . . and a law that has the inevitable effect of reducing speech because it makes particular speech less likely to succeed . . . . The former implicates the First Amendment and the latter does not.

*Libertarian Party of Conn. v. Merrill*, --- F. Supp. 3d ---, 2020 WL 3526922, at *8 (D. Conn. June 27, 2020) (quoting *Molinari v. Bloomberg*, 564 F.3d 587, 600 (2d Cir. 2009)).  And because the "face covering . . . order[] do[es] not now 'clearly and directly restrict core political speech,'" it falls into the latter category.  *Id.* (quoting *Lerman v. Bd. of Elections in City of N.Y.*, 232 F.3d 135, 153 (2d Cir. 2000)).

6

The EO does not prevent Young from speaking or expressing herself. It simply requires that, under certain circumstances, she speaks through a face covering. The EO, at most, imposes a content-neutral limitation on where and how a person can speak or express themselves. The Court rejects Young's suggestion that such a limitation is a "plain, palpable invasion" of her free speech rights. *See Libertarian Party*, 2020 WL 3526922, at * 7 (holding that COVID-related order requiring, *inter alia*, face coverings in public did not violate political party's First Amendment right to petition, even if petitioning efforts were less effective).[5]

Because Young has not demonstrated any likelihood of success on the merits of her claim, the Court denies her request for a preliminary injunction. *See Libertarian Party*, 2020 WL 5849341, at *1 (affirming denial of preliminary injunction solely on the basis that plaintiffs had not shown likelihood of success on the merits).

## CONCLUSION

The Court denies Young's request for emergency injunctive relief. The Court further denies Young's motion for a speedy hearing, Dkt. 4, as moot.

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

---

[5] As to the other *Jacobson* factor, it cannot seriously be doubted that there is a substantial relation between the EO, which requires that individuals cover their faces when they are unable to maintain a safe distance from others, and the need to protect the public from a deadly and highly contagious virus that is spread through the air.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: October 26, 2020
       New York, New York