UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUGUETTE NICOLE YOUNG,<br><br>         Plaintiff,<br><br>    -against-<br><br>LETITIA JAMES, IN HER OFFICER CAPACITY AS ATTORNEY GENERAL OF NEW YORK,<br><br>         Defendant. | CIVIL ACTION NO. 20 Civ. 8252 (PAE) (SLC)<br><br>ORDER OF SERVICE |

SARAH L. CAVE, United States Magistrate Judge:

Plaintiff, appearing pro se, brings this action, alleging that New York Executive Order 202.17, which requires people to wear masks in public under certain circumstances, violates her right to free speech under the First Amendment. By order dated October 19, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP").

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. Walker v. Schult, 717 F.3d 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

If the complaint is not served within that time, Plaintiff should request an extension of time for service.  See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); see also Murray v. Pataki, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant New York Attorney General Letitia James through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

The Court also GRANTS Plaintiff's motion to participate in electronic case filing in this action.  (ECF No. 5)

## **CONCLUSION**

The Clerk of Court is directed to transmit a copy of this order to Plaintiff[1] and to close the Motion at ECF No. 5.

---

[1] Plaintiff has consented to receive electronic service of Court documents. (ECF No. 3.)

The Clerk of Court is further instructed to complete the USM-285 forms with the address for New York Attorney General Letitia James and deliver to the U.S. Marshals Service all documents necessary to effect service on this defendant.

SO ORDERED

Dated: October 29, 2020
New York, New York

*Sarah L. Cave*
SARAH L. CAVE
United States Magistrate Judge

**DEFENDANT AND SERVICE ADDRESS**

New York State Attorney General Letitia James
28 Liberty Street
New York, NY 10005