UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HUGUETTE NICOLE YOUNG,

                              Plaintiff,

                    -v-

LETITIA JAMES, *in her official capacity as Attorney general of New York*,

                             Defendant.

20 Civ. 8252 (PAE) (SLC)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Currently pending is a motion to dismiss filed by defendant Letitia James, in her official capacity as Attorney General of the State of New York ("James"). It seeks dismissal of this suit, brought by *pro se* plaintiff Huguette Nicole Young ("Young"), which seeks to invalidate and enjoin the enforcement of New York Executive Order No. 202.17 ("EO 202.17"), New York's mask mandate as violative of her First Amendment rights.[1] Young resides in Junction City, Oregon, not New York, but has filed similar challenges to mask mandates across the country. *See* Dkt. 22 ("Pl. Mem.") at 2 (claiming to have filed "a similar complaint in 49 federal jurisdictions across the US"); Dkt. 29 ("Report") at 6–7 (collecting cases). Even so, she claims to be harmed by EO 202.17 because she has visited New York and was forced to wear a mask in a Walmart store here, and because she may have future reason to visit New York in connection with her employment as a long-haul truck driver. *See* Dkt. 1 ("Compl.") ¶ 20; Pl. Mem. at 3–5.

---

[1] Effective May 19, 2021, the Governor of New York issued a superseding order, Executive Order No. 202.108, which extended EO 202.17 while exempting fully vaccinated individuals from wearing face coverings in most circumstances. *See* N.Y. Exec. Order No. 202.108 (May 19, 2021), https://www.governor.ny.gov/sites/default/files/2021-05/EO_202_108.pdf.

Before the Court is the June 21, 2021 Report and Recommendation of the Hon. Sarah L. Cave, United States Magistrate Judge, recommending that the Court grant James's motion to dismiss for lack of subject-matter jurisdiction or, in the alternative—if the Court finds that Young has standing—to dismiss her claims on the merits.

The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts the Report's recommendation to dismiss without prejudice for lack of subject-matter jurisdiction, and therefore does not address the merits of Young's claims.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. UPS*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Cave's thorough and well-reasoned Report reveals no facial error in its conclusions. The Report's recommendation that Young's complaint be dismissed for lack of subject-matter jurisdiction is therefore adopted in full, and the Court does not reach the merits issues that the Report addresses in the alternative. Because the Report explicitly states that "[t]he parties shall have fourteen (14) days (including weekends and holidays) from service of

2

this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure" and that "failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," Report at 24, the parties' failure to object operates as a waiver of appellate review. *See, e.g.*, *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court grants James's motion and dismisses this action without prejudice, for lack of subject-matter jurisdiction.

The Clerk of Court is respectfully directed to terminate the motion pending at docket 20, and to close this case.

The Clerk of Court is further directed to mail a copy of this decision to Young at the address on file.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: July 9, 2021
      New York, New York